# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **KENNETH JAY CROZIER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     4:09-cv-1596-RDP-JEO |
| | ) |
| **WARDEN WILLIE THOMAS**[1] **and** | ) |
| **TROY KING, the Attorney General of** | ) |
| **the State of Alabama, et al.,** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Petitioner, Kenneth Jay Crozier, filed this petition for a writ of habeas corpus on August 2, 2009, challenging his 1984 conviction and sentence for first degree robbery received in the Etowah County Circuit Court, pursuant to 28 U.S.C. § 2254. (Doc. #1).[2] It has been referred to the undersigned magistrate judge for preliminary review and recommendation.

## BACKGROUND

As just noted, Petitioner was convicted in 1984 and sentenced to life in prison. (Doc. #1 at p. 1). Petitioner filed his first federal habeas corpus petition with the Clerk of this Court on March 29, 2009. Therein, he asserted a variety of claims, including one alleging that a statement admitted against him at trial was obtained in the course of an illegal arrest and interrogation, that his trial counsel was constitutionally ineffective, and what seemed to be several claims alleging violations

---

[1] The petition designates "Warden Thomason" and the Attorney General of the State of Alabama as Respondents. However, the court recognizes that the warden of the Elmore Correctional Facility where Petitioner is incarcerated is actually named "Willie Thomas." *See* http://www.doc.state.al.us/facility.asp?id=7

[2] References herein to the pleadings in this case are to "Doc. #___".

of his due process rights. (09-0657, Doc. #1). After the court entered an order requiring Petitioner to respond and show cause why his petition should not be dismissed as barred by the applicable statute of limitations of 28 U.S.C. § 2244(d)(1), Petitioner timely responded, but failed to offer anything to dispute the manifest untimeliness of his petition.[3] The case then was dismissed with prejudice as untimely filed. (00-00657 at Doc. #13).

In the present petition, Petitioner again asserts various due process and ineffective assistance of trial counsel claims. (Doc. #1). The court entered an Order allowing Petitioner twenty days to appear and show cause why the petition should not be dismissed as an unpermitted successive petition. (09-1596 at 08/12/09 Order). Petitioner has not filed a response.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

---

[3] In this court's report and recommendation that Crozier's petition be denied and dismissed with prejudice as untimely filed, the court noted:

> Crozier filed a petition for a writ of error coram nobis, which was dismissed by the Circuit Court of Etowah County on May 27, 1985. (Pet. ¶ 11(a)). Accordingly, that proceeding was concluded well before the limitations period of § 2244(d)(1) even commenced in April 1996, so Crozier's coram nobis petition would not have been "pending" during the running of the limitations period and thus could not toll it. Crozier also indicates that, on some unidentified date, he filed a petition for post-conviction relief pursuant to Rule 32, ALA. R. CRIM. P., also in the Circuit Court of Etowah County. (Pet. ¶ 11(c)). That proceeding evidently has yet to be resolved. (Pet. ¶ 11(c)(5), (6)). However, even if a prisoner's state post-conviction application is timely under state law and otherwise "properly filed," if such application is filed after the expiration of the one-year federal limitation period of § 2244(d)(1), the state post-conviction application does not revive or otherwise toll the federal limitations period. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Thus, even if Crozier's more recent Rule 32 petition is "properly filed," which is far from clear, unless it was filed before the § 2244(d)(1) limitations period expired on April 24, 1997, that petition would not operate to toll or restart the limitations period. Given that the Rule 32 proceeding is apparently not even concluded at the trial court level, it seems certain that the petition was filed well after 1997.

(4:09-0657-JEO at Doc. #8).

    (2)    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

    (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that but for a constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

    (3)(A)    Before a second or successive application permitted by this section is filed in district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

    (B)    A motion in the court of appeals for an order authorizing the filing of a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. § 2244(b).

As Petitioner has not obtained authorization from the Eleventh Circuit to bring a successive petition before this court, this court is without jurisdiction to consider this petition. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). Thus, the petition is due to be dismissed without prejudice as to Petitioner's right to seek authorization from the Eleventh Circuit to file a successive petition.

## CONCLUSION

Accordingly, for the reasons stated above, the court finds that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is due to be dismissed. An appropriate order will be entered.

**DONE** and **ORDERED** this     21st     day of September, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE